UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRY THOMAS,

        Petitioner,

                                       CASE NO. 01-CV-70661-DT
v.                                       HONORABLE JOHN CORBETT O'MEARA

DAVID SMITH,

        Respondent.
_____/

**<u>ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT</u>**

This matter is before the Court on Petitioner's motion for relief from judgment, filed pursuant to Federal Rule of Civil Procedure 60(b)(6), concerning the Court's September 5, 2001 decision dismissing his habeas petition as untimely. The Court denied a certificate of appealability, as did the United States Court of Appeals for the Sixth Circuit in 2002. The United States Supreme Court denied a writ of certiorari in 2003. The Sixth Circuit also denied Petitioner permission to file a second or successive habeas petition on November 22, 2005. Petitioner dated the instant motion on March 2, 2010.

Federal Rule of Civil Procedure 60(b)(6) has been narrowly interpreted to allow relief from judgment only in exceptional or extraordinary circumstances. *See Blue Diamond Coal Co. v. Trustees of UMWA,* 249 F.3d 519, 524 (6th Cir. 2001); *Atkins v. Foltz,* 301 F. Supp. 2d 662, 663 (E.D. Mich. 2004). Although Rule 60(b) does not prescribe a specific time frame for the filing of a motion under subsection (6), it requires that such a motion be made within "a reasonable time." Fed. R. Civ. P. 60(b); *see also Conner v. Attorney General,* 96 Fed. Appx.

1

990, 992 (6th Cir. 2004); *Atkins,* 301 F. Supp. 2d at 663. The bounds of reasonable time "ordinarily depends on the facts of the given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). A district court has broad discretion in deciding such matters, but that discretion is circumscribed by public policy favoring finality of judgments and termination of litigation. *See Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

Petitioner is not entitled to relief from judgment pursuant to Rule 60(b)(6) because he did not act within a reasonable time in bringing his motion for relief from judgment following the dismissal of his petition. As noted, this Court dismissed Petitioner's habeas petition in 2001 and the Sixth Circuit and Supreme Court denied him relief in 2002 and 2003. Seven years has passed since the latest of those decisions. Seven years is not a reasonable time in which to seek relief from judgment pursuant to Rule 60(b)(6). *See, e.g., Hence v. Smith*, No. 97-40461, 2007 WL 2421550, *3 (E.D. Mich. Aug. 27, 2007) (eight years is unreasonable); *accord Rodriguez v. Mitchell,* 252 F.3d 191, 201 (2nd Cir. 2001) (three and one-half years is unreasonable).

Moreover, Petitioner has not provided a sufficient explanation as to why the Court should consider such an extended delay to be reasonable under the rules. Petitioner asserts that the one-year statute of limitations should be tolled based upon state court filings for discovery that occurred in 1995. Petitioner was, or could have been aware, of such filings at the time he instituted his habeas action or during the course of the Court's prior proceedings. Petitioner has not shown that the delay from the conclusion of those proceedings until the filing of the instant motion is reasonable. Considering the facts of this case, including the length and circumstances

2

of the delay, the prejudice to the opposing party, and the possible circumstances compelling equitable relief, the Court is not persuaded that Petitioner's lengthy delay in filing his motion for relief from judgment is reasonable. Petitioner's motion is untimely and shall be denied.

Additionally, and alternatively, the Court notes that Petitioner's motion for relief from judgment lacks merit. Petitioner asserts that the Court erred in dismissing his habeas petition as untimely because it failed to toll the time period during which he had a motion to compel discovery pending in the state courts (and the time for appeal) in 1995. Such a motion, however, does not qualify as an application for post-conviction or collateral review so as to toll the limitations period under 28 U.S.C. § 2244(d)(2). "Not every filing by a criminal defendant meant to advance his challenge to a judgment of conviction amounts to an application for...collateral review of the judgment or claim." *Witkowski v. Vasbinder*, No. 04-CV-74232-DT, 2006 WL 618891, *4 (E.D. Mich. March 9, 2006) (unpublished) (quoting *Rodriguez v. Spencer*, 412 F.3d 29, 36 (1st Cir. 2005)). As a general rule, a "filing that purports to be an application for State post-conviction or other collateral review with respect to a pertinent judgment or claim must set forth the grounds on which it is based, must state the relief desired, and must collaterally attack the relevant conviction or sentence." *Id*. (citing *Sibley v. Culliver*, 377 F.3d 1196, 1200 (11th Cir. 2004)); *see also Voravongsa v. Wall*, 349 F.3d 1, 6 (1st Cir. 2003). In other words, the application must seek "review" of the underlying judgment of conviction to toll the one-year limitations period. *Id.*; *see also Branham v. Ignacio*, 83 F. App'x 208, 209 (9th Cir. 2003); *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002). Federal courts have refused to extend the tolling provisions of 28 U.S.C. § 2244(d) to motions for discovery and transcripts. *See, e.g., May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003); *Lloyd v.*

3

*VanNatta*, 296 F.3d 630 (7th Cir. 2002), *Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir. 2001). Because Petitioner's motion to compel discovery did not seek collateral review of his convictions, that motion did not toll the one-year period. Petitioner has thus failed to establish that the Court erred in dismissing his habeas petition for failure to comply with the applicable statute of limitations.

Accordingly, for the reasons stated, the Court **DENIES** Petitioner's motion for relief from judgment. The Court will not address Petitioner's substantive argument that he is entitled to habeas relief based upon newly-discovered evidence as the Sixth Circuit has denied him permission to file a second or successive petition on such a basis. This case is closed.

**SO ORDERED**.

s/John Corbett O'Meara
United States District Judge

Date: April 29, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 29, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager