UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRY THOMAS,

        Petitioner,

                                    CASE NO. 01-CV-70661-DT
v.                           HONORABLE JOHN CORBETT O'MEARA

DAVID SMITH,

        Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME BUT DENYING HIS MOTION FOR RECONSIDERATION

This matter is before the Court on Petitioner's motion for an extension of time to seek reconsideration of the Court's denial of his motion for relief from judgment brought pursuant to Federal Rule of Civil Procedure 60(b)(6), as well as his "Supplemental Memorandum in Support of his Motion for Relief from Judgment" in which he seeks reconsideration of the Court's decision denying him relief from judgment. These matters arise from the Court's September 5, 2001 decision dismissing his habeas petition as untimely. The Court denied a certificate of appealability, as did the United States Court of Appeals for the Sixth Circuit in 2002. The United States Supreme Court denied a writ of certiorari in 2003. The Sixth Circuit also denied Petitioner permission to file a second or successive habeas petition on November 22, 2005. This Court denied Petitioner's motion for relief from judgment on April 29, 2010. Petitioner dated the instant motions on May 3 and May 5, 2010.

Petitioner first seeks an extension of time to seek reconsideration of the Court's April 29, 2010 decision denying relief from judgment because he did not receive the Court's decision until

May 3, 2010. Under the newest version of the Court's Local Rules, Petitioner had 14 days to seek reconsideration of the Court's April 29, 2010 decision. *See* LR 7.1(h)(1). Petitioner's motion for reconsideration, *i.e.*, his "supplemental memorandum" dated May 3, 2010, is therefore timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (pro se prisoners' notices of appeal in federal court are considered filed when given to prison officials for mailing); *Feenin v. Myers*, 110 F. App'x 669, 671 (6th Cir. 2004) (federal habeas petition is deemed filed when prisoner gives petition to prison officials for mailing). Consequently, the Court shall grant Petitioner's motion for an extension of time and accept his supplemental memorandum for review.

Petitioner seeks reconsideration of the Court's denial of his motion for relief from judgment. However, a motion for reconsideration which presents issues already ruled upon by the Court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3). Moreover, for the reasons stated in the Court's April 29, 2010 order, Petitioner is not entitled to relief from judgment under Federal Rule of Civil Procedure 60(b)(6).

Accordingly, the Court **GRANTS** Petitioner's motion for extension of time but **DENIES** his motion for reconsideration. This case is closed. Further pleadings will not be accepted.

    **SO ORDERED**.

    s/John Corbett O'Meara
    United States District Judge

Date: May 19, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 19, 2010, using the ECF system and/or ordinary mail.

                                                 s/William Barkholz
                                                 Case Manager